SELLERS *v.* BROWN.

5-849                                                      287 S. W. 2d 471

Opinion delivered February 20, 1956.

[Rehearing denied March 19, 1956.]

*Langston & Walker,* for appellant.

*S. L. White,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by the appellants and a cross-appeal by the appellees from a decree of the Pulaski Chancery Court, First Division. The appellants, Robert C. and Virginia Sellers, are a minister and his wife who formerly ministered to appellee church. The appellees are the official board members of the Central Assembly of God, a church and religious society located at 20th and Broadway Streets in the City of Little Rock, Arkansas.

The appellees instituted this action against appellants seeking to have a resulting trust established on the grounds that Sellers, as a regularly ordained minister of the Assemblies of God and acting in his official capacity as pastor for his congregation, had acquired title to cer-

tain property in his own name instead of procuring title to the property in the name of the church; that a portion of the payment for said property was made possible by using contributions made by members of the church; that thereafter Sellers sold the property for a profit and bought other property with the proceeds so that a church might be erected upon the latter property; that Sellers acquired title to the property in his own name whereby, appellees claim ownership and title through a resulting trust. The appellants filed an answer claiming that they owned the property outright and the church did not have any interest in the property at any time. The appellants further contended that appellees were indebted to them for certain sums expended for the benefit of the appellees and not repaid. Many suits for liens and materials, both secured and unsecured, were consolidated for trial.

Upon trial of the issues, the trial court found, among other things, that the property both real and personal located at 20th and Broadway Streets in Little Rock, Arkansas, belonged to appellee church and not to appellants. The church's interest in the real property was held to be subject to a mortgage. The court vested title to all personal property and furnishings in the church. The title to the real estate was subject to certain materialman's liens and mortgage, aggregating more than $21,000. The decree provided that if the mortgage and liens were not paid within 45 days, the receiver was ordered to sell the property. Thereafter, the receiver held the sale and the appellees purchased the property on a submitted bid of $60,000. In addition, the trial court awarded appellees judgment against appellants in the sum of $48.06. This appeal and cross-appeal follow.

For reversal, the appellants rely on the following points: (1) A trust did not arise under the law and under the undisputed proof in this cause; (2) appellees are estopped to assert a trust; (3) even under the trial court's theory of the case, the trial court should have left the title to the property at 20th and Broadway in Sellers and entered judgment against appellees in the

sum of $8,648.16; (4) the trial court adopted the wrong theory of the case, that of a resulting trust. If the appellees had any interest at all, it should have been under an equitable or "investment lien" theory as appellees termed it, not that of a resulting trust; and (5) appellees had no legal authority or capacity to maintain this suit.

The evidence reveals that in the early part of 1944, the appellants purchased a parcel of ground at 9th and Louisiana Streets, described as Lots 10, 11 and 12, in Block 89, Little Rock, Arkansas, as a suitable location for a church. The appellants agreed to pay $12,000 for said property, $2,500 in cash, the balance in monthly installments of $100 each. Title to the property was procured in the name of appellant Sellers and his wife. Sellers at that time was employed as the pastor of the First Assembly of God, a church located at 14th and Peyton Streets in Little Rock. Shortly thereafter, the appellant Sellers organized a Central Assembly of God Church; said church occupied the property at 9th and Louisiana Streets and Sellers was its pastor. At first, meetings of the church were held in an apartment house located on said property. Later a cellar was excavated on one of the lots, and a one-story terracotta building was erected over same in which meetings of the church were held for nine years.

On February 5, 1953, the appellants sold the property located at 9th and Louisiana Streets to Arkansas Power and Light Company for a sum of $105,000. Since the church was located upon the property, the appellant, Sellers, had several members of the board sign a disclaimer to the effect that title to the property was in Sellers and the church had no interest therein. This disclaimer was signed by the board upon the condition that Sellers would utilize the net proceeds from the sale of the property at 9th and Louisiana Streets to purchase a new site at 20th and Broadway Streets and build a new church thereon. The church congregation approved this action.

Shortly thereafter, Sellers purchased this site at 20th and Broadway for a total sum of $40,000, of which $23,000 was paid in cash and a mortgage assumed for the balance, and began construction on the new church. Sellers made a contract with one Graham Harp to furnish the material and supervise the building of a church structure. This contract was approved by a meeting of the congregation. Harp proceeded with the construction of the church until the funds became exhausted. At the time of the trial, there were outstanding liens, including the mortgage, in excess of $21,000. Unsecured debts amounted to more than $35,000. Sellers has resigned as pastor of the church and the appellees, as the official board of the Central Assembly of God Church of Little Rock, brought this suit against Sellers and his wife to divest them from title to the property.

Section 6 of the Constitution and by-laws of the church provide the following:

"Section 6. Property. 1. The title to all local Church property shall be vested in the local Church body with the responsibility and benefits thereunto. 2. All property shall be directed and controlled through the Deacon Board or duly elected Board of Trustees and their successors in office, such property being held in trust by such Board and subject to the wishes of the Church body in all procedure affecting property interest. 3. All such property shall be deeded so as to make it safe for an Assembly of God Church organization in times of a crisis or division, and to prevent its being diverted by any portion of the Church body to other Church interests or organizations. In event of an affiliation with such interest, or should it for any reason fail to function as an Assembly of God Church, all property rights are to come under supervision and into the hands of the Executive Presbytery of the Arkansas District Council of the Assemblies of God with headquarters now at Hot Springs, Arkansas, until an Assembly of God Church can properly function or the property be disposed of by said Board and the proceeds be used to promote the Assembly of God Church interest elsewhere."

The by-laws also provide:

"The General Council approves the holding of title to all church buildings, school or other institutions that are supported by funds solicited for the work of God through properly constituted corporations. It disapproves the holding title to such properties by the ministers of the Assemblies of God through private ownership, corporation of sole, closed corporation or any other type of ownership where initiative of action of final authority is not vested in a corporation or set in order by the District Council, title should be vested in properly qualified trustees."

The evidence shows that the appellees are the duly elected and qualified trustees of the Central Assembly of God Church and were authorized under the rules of the church to maintain this suit. The Chancellor based his decree upon the finding that a resulting trust had been established by the evidence. We cannot say that the court's decree was against the preponderance of the evidence.

On cross-appeal, the evidence shows that the appellee church had no interest in appellants' property located on 5010 Midland Road in Little Rock, Arkansas. The case is affirmed on cross-appeal.

Affirmed on appeal and on cross-appeal.