SELLERS *v.* BROWN.

5-1431                                               307 S. W. 2d 543

Opinion delivered December 9, 1957.

*Langston & Walker* and *Wayne Foster,* for appellant.

*S. L. White,* for appellee.

J. SEABORN HOLT, Associate Justice. This is the second appearance of this case here. On the former appeal there was involved the title to the Assembly of God Church at 20th and Broadway, Little Rock, Arkansas, *Sellers* v. *Brown,* 225 Ark. 989, 287 S. W. 2d 471. In that case we held in effect that the Reverend Sellers, appellant, was a trustee for the church and that title to said property was in the church. We further held on a cross-appeal that the church had no interest in property acquired by Sellers located at 5010 Midland Road, Little Rock, Arkansas, on which property, appellees are here seeking receivership and lien. Our former opinion recites: "Sellers purchased this site at 20th and Broadway for a total sum of $40,000, of which $23,000 was paid in cash and a mortgage assumed for the balance, and began construction on the new church. Sellers made a contract with one Graham Harp to furnish the material and supervise the building of a church structure. This contract was approved by a meeting of the church until the funds became exhausted. At the time of the trial, there were outstanding liens, including the mortgage, in excess of $21,000. Unsecured debts amounted to more

than $35,000. Sellers has resigned as pastor of the church and the appellees, as the official board of the Central Assembly of God Church of Little Rock, brought this suit against Sellers and his wife to divest them from title to the (church) property.''

It appears that while the former appeal was pending, two lien holders for materials furnished secured judgments against Reverend Sellers and the church. The church, in an effort to complete the building of the church, borrowed money from its parent organization, The General Council of Springfield, Missouri, to be used in discharging labor and material-men's liens and for completion of the church. As a condition for the loan The General Council required that all discharged liens be assigned to H. E. Shaw as its trustee. At this stage appellees Brown, and Shaw as trustee, filed ''Affidavit for General Attachment'' in which they alleged: ''Plaintiffs Durwood Brown et al., as trustees for the Central Assembly of God Church, allege judgments against the defendants, Robert C. Sellers and Virginia Sellers, his wife, in the total amount of $108.06 on an Order on a mandate of the Supreme Court of Arkansas entered April 12th, 1956, and that defendants are non-residents of the State of Arkansas and the owners of valuable property and assets in Pulaski County. Plaintiff H. E. Shaw, Trustee, alleges the assignment to him of judgments against the defendants in the sums of $1,805.03 and $1,269.89, recovered by Katterjohn Concrete Products Company, Inc., and Gregg Hamilton, Trustee in Bankruptcy, respectively, on July 18th, 1955 and July 19th, 1955, respectively, a total of $3,074; the same being just claims which he is entitled to recover, and by virtue of which he claims a lien upon valuable property and assets of defendants in Pulaski County.'' They prayed for an Order of Attachment against Sellers and the appointment of a receiver.

On a hearing the trial court declined to rule on whether the judgments against (the Sellers) appellants were enforceable but found that the appellees were entitled to relief and granted appellees' prayer for the ap-

pointment of a receiver and master. The finding contained this language: "Though the plaintiffs, and Shaw, Trustee, originally filed an Affidavit for an Attachment, and are entitled to relief, the Court deems it best and proper to try and protect the equities of all parties herein interested in said property, and after due consideration is of the opinion that the appointment of a Receiver and Master will better serve the ends of justice."

It appears to be undisputed that the lien-holders had acquired valid liens against the property of the church for materials and labor furnished in the construction of the church. The judgments were entered against Sellers and the church jointly and of course would ordinarily have been enforceable against Sellers' individual property. But Sellers contends that the church in effect paid the judgments, through the agency of its parent organization, and that in the circumstances the church is not entitled to assert what is in substance a claim for comtribution against Sellers, since the church received the full benefit of the labor and materials that the judgments represent.

We think that the trial court erred in refusing to rule upon the material and vital issue presented, which, as indicated, was whether the judgment liens involved were enforceable against the property of the Sellers (appellants), and that the appointment of a receiver was, in the circumstances, premature. Accordingly, the decree is reversed and the cause remanded with directions to proceed in a manner consistent with this opinion.