BROWN *v.* SELLERS.

5-1805                           321 S. W. 2d 384

Opinion delivered March 9, 1959.

*S. L. White,* for appellant.

*Langston & Walker* and *Wayne Foster,* for appellee.

J. SEABORN HOLT, Associate Justice. This is the third appearance of this case before this court. *Sellers v. Brown,* 225 Ark. 989, 287 S. W. 2d, 471, opinion February 20, 1956; and *Sellers v. Brown,* 228 Ark. 353, 307 S. W. 2d 543. Reference is made to these two cases for a more complete statement of facts and issues therein considered. On the first appeal (225 Ark. 989) Sellers and wife were appellants and the appellees were the official board members of the Central Assembly of God Church and there was involved an accounting between the Church and its then pastor, Sellers, title to the property of the Church, certain liens and claims of creditors against the pastor, Sellers, and the Church. That opinion contained this recital: "Upon trial of the issues, the trial court found, among other things, that the property both real and personal located at 20th and Broadway Streets in Little Rock, Arkansas, belonged to appellee church and not to appellants. The church's interest in the real property was held to be subject to a mortgage. The court vested title to all personal property and furnishings in the church. The title to the real estate was subject to certain materialman's liens and

mortgage, aggregating more than $21,000. The decree provided that if the mortgage and liens were not paid within 45 days, the receiver was ordered to sell the property. Thereafter, the receiver held the sale and the appellees purchased the property on a submitted bid of $60,000. In addition, the trial court awarded appellees judgment against appellants in the sum of $48.06 * * * ,'' and the trial court based its decree on the finding that a resulting trust in certain real and personal property had been established against Sellers and in favor of the church.

It appears that while this first appeal was pending and leading up to the second appeal, a large number of creditors were awarded judgments, some against Sellers and some against the church. All of these judgments were thereafter assigned to appellant, Shaw, trustee for the General Council (of appellant's church), which had advanced funds for liquidation of all liens, to pay other creditors, and for the completion of the church building. Later, the church caused execution to issue on its judgment, as did Shaw, trustee, on those assignments of judgments against appellees, which Shaw held. A levy of execution was made on property belonging to Sellers, and he was then a non-resident, the court appointed a receiver to take charge of Sellers' property and Sellers then proceeded with the second appeal to this court, and we reversed the cause, holding that, ''* * * the trial court erred in refusing to rule upon the material and vital issue presented, which, as indicated, was whether the judgment liens involved were enforceable against the property of the Sellers (appellants), and that the appointment of a receiver was, in the circumstances, premature.''

On remand of this second appeal case, the trial court ordered that the affidavit for general attachment filed by the church (appellants), against appellees (Sellers), be dismissed for want of equity; that all judgments against appellees held by Shaw, trustee, by assignment of the original creditors, be satisfied in full by the trustee, Shaw, and in effect that all judgments of

creditors held against the appellees (Sellers) for materials furnished for the church and labor performed for it, all of which was for the church's benefit, and for which the Sellers received no benefit, should be satisfied in full by the church, and the Sellers relieved of all liability therefor. The court also decreed further relief to the Sellers by directing that the church obtain complete exoneration from a judgment in the amount of $2,155.85 which the government held against both Sellers and the church. It appears undisputed that this judgment was compromised and settled for fifty cents on the dollar as far as the church was concerned, by the execution of a covenant not to sue. This money was used solely for the benefit of the church and not for the benefit of the Sellers.

We have concluded that the decree and orders of the trial court above, in this present case, were, on the record presented, correct. Accordingly, we affirm.